R. J. DANIELS *et al. v.* FRANCIS PRATT *et al.*

1. ASSIGNMENT OF JUDGMENT. *Notice. Pleading and practice.* The title to a judgment is not perfect in the assignee until the judgment debtor has notice. But if the assignment is impeached by the pleadings. upon other grounds, and the question of notice is not raised, the fact there was no notice will not be considered.

2. SAME. *Notice to attorney.* Generally, notice of the assignment of the judgment to the attorney of the judgment debtor is not sufficient, but the question is reserved whether the agency of the attorney may not be such, by the course of business or contract, as to make notice to him sufficient.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

J. C. & J. M. GAUT for complainants.

JOHN REID for defendants.

MCFARLAND, J., delivered the opinion of the court.

The defendant, Geo. W. Owen, on the 2d day of October, 1873, recovered, in the circuit court of Davidson county, a judgment against the Louisville and Nashville Railroad Company for $2,700. The complainant Daniels, having a judgment against Owen and Francis Pratt, filed the present bill, upon a return of *nulla bona,* to attach and appropriate a sufficient amount of the judgment of Owen against the railroad company to satisfy his judgment against Owen.

M. M. Brien, Jr., is also complainant, but he has no claim against Owen or any of the defendants. He was the attorney of the complainant Daniels in the suit against Owen and Pratt, and claims unpaid fees against the complainant, so that he claims under him.

The contest is with the defendant, John Overton, who claims the judgment against the railroad company by assignment, and the question is, who has the prior and superior right.

The original bill was filed on the 17th of October, 1873, at one o'clock P. M. It made only Pratt and Owen and the railroad company defendants, and made no allusion to an assignment of the judgment sought to be attached, the fact not being known to the complainants. The answer of Owen was filed on the 8th of January, 1874, and set up the fact that he had, on the morning of the 17th of October, 1873, and several hours before the bill was filed, assigned the judgment, subject to his lawyers' fees, to P. G. Breen, and Breen had on the same day assigned the same to John Overton, and that he (Owen) had no interest therein at the filing of the bill.

The answer of the railroad company was filed on the 6th of February, 1874. It admits the rendition of the judgment, but says: "There is a transfer of this judgment by said Owen to P. G. Breen recorded in minute book —— of said court, of date October 17, 1873. Respondent has no knowledge of the other allegation of the bill."

On the 28th of February, 1874, the complainants

filed an amended bill, in which it is stated that since the filing of the original bill they had been informed by the answer of Owen, that he claimed to have assigned the judgment to Breen before the original bill was filed. This fact, however, the complainants deny, and aver that at the time of the filing of the original bill, to-wit, one o'clock P. M. of the 17th of October, 1873, no such assignments had been entered on the minute book of the circuit court; that such assignment was not entered on the minutes before or by one o'clock P. M. of said day. And the bill insists further, that the assignment did not become matter of record until the minutes were signed by the judge on the morning of the 18th. The amended bill further charges, that complainants had no notice of the assignment until long after the bill was filed; that the assignment was fraudulently made to hinder and delay creditors, and was not in the due course of trade or for a valuable consideration.

Breen and Overton are made defendants, both of whom answer, averring that the assignment was made before the filing of the bill, was *bona fide,* and for a valuable consideration.

It will be observed that there is no allegation in the pleadings on either side as to whether notice of the assignment had been given to the railroad company before the original bill was filed, or at any time, except that the answer of the company shows that at the time of filing the answer they were informed of the entry of such assignment on the minutes of the circuit court.

The proof, in brief, shows that Owen was indebted to F. O. Hunt in a larger sum than $2,700; that Hunt was indebted to Breen, and it was agreed, before the judgment was obtained, that it should be assigned to Breen.

On the morning of the 17th October, 1873, Hunt and Owen applied to Andrew Allison, Esq., of the law firm of Smith, Baxter & Allison, to prepare an assignment of the judgment from Owen to Breen. The firm was then, and had been for sometime previously, the general attorneys of the L. & N. R. R. Co. at Nashville, and had appeared in the defense of said cause. Mr. Allison advised said parties that they had better apply to their own attorneys; and, soon thereafter, the assignment was prepared by another attorney, executed by Owen, and handed to the deputy clerk, and entered upon the minutes of the court; and Mr. Allison saw the entry before twelve o'clock of that day. The assignment by Breen to Overton was made the next day.

The principal office of the railroad company is not in Nashville, but it has a general agent and an office in the city. Smith, Baxter & Allison are its general attorneys for the transaction of all legal business at this place.

The *bona fides* of the assignment by Owen to Breen is not now questioned.

For the complainant it is insisted that the assignment of the judgment was not complete for want of notice to the railroad company before the filing of the bill, or within reasonable time after the assignment

was made, and that notice to Allison, the attorney, was not notice to the company.

It is the settled law in this State that an assignment of a chose in action of this character does not vest a perfect right in the assignee against third parties without notice to the debtor: *Clodfelter* v. *Cox*, 1 Sneed 337; *Mayer* v. *Pulliam*, 2 Head, 346.

It is, furthermore, clear that the entering of the assignment or transfer upon the minutes of the circuit court gave to it no more validity than it would otherwise have had; It. became no part of the record in the cause, and the signature of the judge was not important. The question whether the assignment was complete or not, would depend upon the question whether the debtor had notice of it in proper time; and the entering of the assignment on the minutes of the court would not constitute notice, but notice or knowledge in fact to the debtor is necessary where it is properly put in issue. Formal notice is not necessary; knowledge of the fact is sufficient: *McLin* v. *Wheeler*, 5 Sneed, 687.

After the filing of the original bill, the attention of the court was called by the answer to the alleged assignment, and thereupon the amended bill was filed attacking the assignment.

The grounds of the attack are, as we have seen, first, that the assignment was not in fact copied upon the minutes of the circuit court, and the minutes signed by the judge, before the original bill was filed. This allegation, as we have seen, is wholly immaterial. If the bill be taken as putting in issue the

question whether the assignment was in fact executed and delivered before the original bill was filed, the the proof satisfactorily established that it was. The other allegations of the amended bill, that the assignment was without consideration and fraudulent, are likewise satisfactorily met by the proof.

But, in argument, the case is put upon the ground that the assignment was not perfected by notice to the debtor.

The complainant, therefore, assumes the responsibility of showing the invalidity of the assignment, and specifies the grounds of attack, but does not aver or put in issue the want of notice, nor is the question raised directly by the answer. If it had been put in issue by the pleadings, then the question, as to what would be sufficient notice and whether such notice had been given, would be fairly raised. If the want of notice had been alleged in the bill, then the defendants would have had an opportunity, in their answer and by proof, to show the facts as to when and how knowledge of the assignment came to the proper officer of the company, and then whether such notice was sufficient and in time to perfect the assignment as against the attaching creditor, would be properly presented to the court. The fact not being in issue, proof in regard to it was not required.

The answer of the company to the original bill admits knowledge of the assignments at that time, but when this knowledge was acquired is not averred. The amended bill, coming subsequently and making no question as to the notice, must be taken as con-

Daniels *v.* Pratt.

ceding that it was sufficient and in proper time, and further, as conceding the validity of the assignment, unless invalid for the reasons urged against it in the amended bill. As we have seen that all the grounds of attack in the amended bill fail, it results that there is ground upon which to declare the assignment inoperative.

If the complainants had chosen to stand upon the allegations of the original bill, then it might have been incumbent on the railroad company, in order to defeat the relief prayed against it, to prove not only the execution of the assignment, but also such notice as to make it complete and give the assignee a superior right, for in that aspect the answer was in avoidance; but the complainants having taken the aggressive, and filed the amended bill pointing out the grounds of objections to the assignment, cannot now be allowed to prevail upon an objection not made in the pleadings, and which, if made, might have been successfully met. A party cannot be allowed to thus mislead his adversary.

This relieves us from the consideration of the question whether notice to the attorney Allison was notice to the company. In general, notice to an attorney simply employed to defend the action, would not be notice to his client of the assignment of the judgment. The question in this case might depend largely upon the nature of the relations between the railroad company and the attorney, as to the duties required of the attorney by the course of business between them or the contract of retainer.

29—vol. 6.

Being of opinion that, for the reasons first given, the decree of the chancellor dismissing the bill should be affirmed, we express no opinion upon the latter question. It is one not free from doubt.

Decree affirmed with costs.